UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| VINCE J. ROLLINS, | : |
| | : |
| Plaintiff, | : |
| | : CASE NO.: 1:23-cv-125−CLC−CHS |
| v. | : *Jury Trial Demanded* |
| | : *Judge Curtis L. Collier* |
| NORFOLK SOUTHERN RAILWAY | : |
| COMPANY, | : |
| | |
| Defendant. | |

REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on Tuesday, July 18, 2023, by teleconference:

   Amy L. Stone, representing the Plaintiff; and

   Craig R. Allen, representing the Defendant.

2. Initial Disclosures. The parties will complete by September 15, 2023 the initial disclosures required by Rule 26(a)(1).

3. Case synopsis (claims and defenses of the parties):

Vince J. Rollins is an employee of Norfolk Southern Railway Company. On or about July 19, 2021, he was injured while working in the course and scope of his employment as an electrician for Defendant in the Chattanooga Yard when he slipped and fell from the steps of a locomotive, sustaining significant injuries. The Plaintiff alleges that the Defendant's negligence caused his injuries under the Federal Employers' Liability Act (FELA).

The Defendant denies that it is liable for an unsafe workplace or is otherwise liable under the FELA. The Defendant further alleges that the Plaintiff was guilty of contributory negligence in failing to watch where he was walking, in failing to observe the alleged obstruction in his path

1

and in failing to keep a proper lookout ahead which lead to him striking his head on an open and obvious vent pipe in the walkway. The Defendant avers that the negligence of the Plaintiff should be determined by the jury to reduce or bar his recovery under the FELA. The Defendant further denies causation and the severity of the claimed injures relating to this incident.

4. Discovery Plan. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects: the facts and circumstances of Plaintiff's claims as described in the Complaint; the Defendant's defenses as described in its Answer to the Complaint; and Plaintiff's injuries and damages claimed in the Complaint. The parties have agreed to the entry of an Order to Produce Hospital and Medical Records of the Plaintiff.

(b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery: Immediate commencement of discovery; deadline to complete discovery is May 31, 2024.

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due: The parties do not propose any changes to the limits on discovery at this time.

(d) Maximum number of requests for admission, along with the dates responses are due: The parties do not propose any changes to the limits on discovery at this time.

(e) Maximum number of depositions by each party: The parties do not propose any changes to the limits on discovery at this time.

(f) Limits on the length of depositions, in hours: The parties do not propose any changes to the limits on discovery at this time.

(g) Dates for exchanging reports of expert witnesses: March 1, 2024.

(h)     Dates for supplementations under Rule 26(e): April 1, 2024.

5.      Other Items:

(a)     A date if the parties ask to meet with the court before a scheduling order: N/A

(b)     Requested dates for pretrial conferences: Anytime in July, 2024.

(c)     Final dates for Plaintiff to amend pleadings or to join parties: September 14, 2023.

(d)     Final dates for Defendant to amend pleadings or to join parties: October 16, 2023.

(e)     Final dates to file dispositive motions: June 10, 2024.

(f)     Prospects for settlement: Fair

(g)     Identify any alternative dispute resolution procedure that may enhance settlement prospects. The parties have agreed to mediation.

(h)     Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists: August 1, 2024.

(i)     Final dates to file objections under Rule 26(a)(3): August 15, 2024.

(j)     The parties hereby give their good faith certification as to when the case will be ready for trial and note a suggested trial date and estimate of trial length: August 26, 2024; estimated length of trial 2-3 days.

(k)     The parties do not consent to the exercise of jurisdiction by a magistrate judge.

(l)     The parties are not presently aware of any issues regarding electronically stored information ("ESI"). If ESI becomes necessary to produce in this case, the parties will agree upon a format in which the ESI should be produced.

(m)     The parties are not presently aware of any issues about claims of privilege or

3

protection of trial preparation materials but reserve the right to assert privilege or work product as warranted.

(n) The parties will fully and completely comply with the Court's Scheduling order. At this time, the parties are not aware of any Orders under Rule 26(c) or 16(b) and (c) that should be entered at this time. If the need to enter such an Order arises, the parties will notify the Court.

Respectfully submitted,

THE MOODY LAW FIRM, INC.

Dated: 7/18/2023    By    /s/ Amy L. Stone
Amy L. Stone (BPR#80327)
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Phone: (757) 393-4093
Fax: (757) 397-7257
astone@moodyrrlaw.com
*Counsel for Plaintiff*

SPEARS, MOORE, REHMAN, WILLIAMS, P.C.

Dated: 7/18/2023    By    /s/ Craig R. Allen
Craig R. Allen (BPR #009088)
Benjamin T. Reese (BPR #023847)
P.O. Box 1749
Chattanooga, TN 37401-1749
Phone: (423) 756-7000
Fax: (423) 756-4801
cra@smrw.com
btrd@smrw.com
*Counsel for Defendant*